United States District Court
Southern District of Texas
**ENTERED**
January 20, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SCOTT ANDERSON COPELAND, | § | |
| TDCJ #01435458, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-272 |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

State inmate Scott Anderson Copeland (TDCJ #01435458) was convicted of capital murder and sentenced to life in prison for his role in an armed robbery. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). Consideration of the petition was stayed at Copeland's request in 2013, and there was no activity on the case for years. During the stay, the Court held that a habeas petition filed by one of Copeland's accomplices was time-barred and, in the alternative, meritless. *See* Southern District of Texas Case Number 3:13-CV-273 at Dkt. 14. The accomplice, Brandy Bergara, appealed, and that appeal is still pending. *See* Fifth Circuit Case Number 16-41225.

Copeland's habeas counsel has now submitted voluminous briefing requesting that this Court reopen this case and either grant habeas relief or stay the case again so that Copeland can pursue relief in the state courts (Dkt. 7, Dkt. 8, and Dkt. 9). The Court will reopen the case, but it will apply the same analysis to Copeland's habeas petition that it

did to Bergara's and **DISMISS** that petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 and *Day v. McDonough*, 547 U.S. 198, 209–10 (2006) (holding that a district court may dismiss a petition as untimely on its own initiative where the petitioner has received fair notice and an opportunity to respond).

## I.   BACKGROUND

In 2002, when he was 23 years old, Copeland participated in the armed robbery of a bar with Bergara (who was the getaway driver) and one other person (Dkt. 8 at p. 9). During the robbery, either Copeland or the third person killed a bar patron (Dkt. 8 at p. 9). Copeland was convicted of capital murder and received an automatic life sentence with the possibility of parole after forty years (Dkt. 1 at p. 2; Dkt. 8 at p. 10). Copeland appealed to the Fourteenth Court of Appeals of Texas, which affirmed (Dkt. 8 at pp. 10–11). *Copeland v. State*, No. 14-07-00475-CR, 2008 WL 4735199 (Tex. App.—Houston [14th Dist.] Oct. 30, 2008, pet. ref'd). He then filed a petition for discretionary review with the Texas Court of Criminal Appeals ("TCCA"), which denied review on April 8, 2009 (Dkt. 8 at p. 11).

Copeland took no further action until the United States Supreme Court issued its opinion in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), in which the Supreme Court "held that a juvenile[1] convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing." *Montgomery v. Louisiana*, 136 S.Ct.

---

[1] The Supreme Court defined "juvenile" as someone who was under the age of 18 at the time of the crime. *Miller v. Alabama*, 132 S.Ct. 2455, 2460 (2012).

718, 725 (2016). On June 25, 2013, one year to the day after the Supreme Court issued the *Miller* opinion, Copeland filed a petition for a writ of habeas corpus in Texas state court arguing for an "expan[sion]" of the *Miller* holding that would invalidate his life sentence (Dkt. 8 at p. 11).

The TCCA denied Copeland's state habeas petition without a written order on July 31, 2013 (Dkt. 8 at p. 12). Copeland filed this federal habeas petition on the same day, making the same arguments (Dkt. 1; Dkt. 8 at pp. 10–12). His federal habeas petition safely on file, Copeland then immediately requested a stay of the proceedings in this Court while he filed a petition for a writ of certiorari with the United States Supreme Court stemming from the TCCA's denial of his state habeas petition (Dkt. 4). This Court granted the stay and ordered Copeland to file a notice with the Court within one week of the Supreme Court's decision on the certiorari petition (Dkt. 5). Bergara, who was also represented by Copeland's counsel, took exactly the same steps. *See* Southern District of Texas Case Number 3:13-CV-273 at Dkt. 5.

The Supreme Court denied Copeland's certiorari petition on January 13, 2014 (Dkt. 8 at p. 13). However, this case remained stayed because Copeland never contacted this Court. After two years went by, the Court received a *pro se* motion from Bergara in which she requested permission to reopen her case and proceed *pro se* because she had not heard from her lawyer in years despite repeated attempts to contact him. *See* Southern District of Texas Case Number 3:13-CV-273 at Dkt. 8. The Court reopened Bergara's case and entered an order dismissing her petition with prejudice as time-barred and, in the alternative, meritless. *See* Southern District of Texas Case Number 3:13-CV-273 at Dkt.

14. The Court sent a copy of the order to both Bergara and her counsel (who was also Copeland's counsel). *See* Southern District of Texas Case Number 3:13-CV-273 at Dkt. 14, p. 9. Copeland then filed a motion to reopen his case (Dkt. 7) accompanied by requests for relief under 28 U.S.C. § 2254 (Dkt. 8) or, in the alternative, for another stay so that Copeland can again seek relief from the Texas state courts (Dkt. 9).

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

This federal habeas petition is subject to the one-year limitations period found in 28 U.S.C. § 2244(d). *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Section 2244(d) provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Essentially, subsections (B), (C), and (D) outline exceptions to the general rule, set forth in subsection (A), that a federal habeas petition must be filed within one year after the petitioner's conviction becomes final. *Flanagan*, 154 F.3d at 198. Section (d)(2) tolls limitations during the pendency of a properly filed state habeas petition. *Id*.

When a habeas petitioner has, as Copeland did, pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, which is the expiration of time for filing a petition for writ of certiorari with the United States Supreme Court. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008). In Copeland's case, that date was July 8, 2009, ninety days after the TCCA refused his petition for discretionary review. If that is the correct trigger date, then the statute of limitations barred this petition on July 8, 2010, three years before Copeland filed it.

Copeland argues that a different trigger date applies; he contends that, under 28 U.S.C. § 2244(d)(1)(C), limitations began to run on the date of the *Miller* decision, which was made retroactively applicable to cases on collateral review by *Montgomery*, 136 S.Ct. at 732. The Court disagreed with this position in Bergara's case and sees no reason to reverse itself. *Miller* simply does not apply to Copeland and Bergara, who were neither juveniles at the time of the robbery nor sentenced to life without parole. *Id*. at 725–26. In response to that point, Copeland offers a convoluted theory that the dissents in *Miller* and

*Montgomery* permit this Court to expand *Miller*'s specific holding. But Copeland cites no supportive authority, and the Court's own research has only found cases cutting the other way. *See Hood v. Davis*, No. 3:15-CV-1821, 2016 WL 7188299, at *3 (N.D. Tex. Dec. 12, 2016) ("[S]ince *Miller* is wholly inapplicable under the facts of his case, Petitioner cannot satisfy the prong of section 2244(d)(1)(C) requiring that the right asserted was initially recognized by the Supreme Court.") (quotation marks omitted); *Gilbert v. Kelley*, 5:15-CV-00373, 2016 WL 4925169, at *2 (E.D. Ark. Aug. 18, 2016), *adopted*, 2016 WL 4940326 (E.D. Ark. Sept. 14, 2016) ("Mr. Gilbert's state sentence does not fit within the new standards announced in *Miller* and *Montgomery*. Since no new rule of law applies to the facts of Mr. Gilbert's case, § 2244(d)(1)(C) does not apply[.]"); *Springer v. Dooley*, No. 3:15–CV–03008, 2015 WL 6550876, at *4, *9 (D.S.D. Oct. 28, 2015) ("In order for § 2244(d)(1)(C) to apply, the new constitutional right asserted must be present in Springer's case[.] Springer's petition is subject to dismissal because he did not receive a sentence of life without possible parole as proscribed by *Miller*."); *see also Swokla v. Paramo*, No. C 14–2635, 2015 WL 3562574, at *2 (N.D. Cal. June 5, 2015) (allowing the petitioner to utilize 28 U.S.C. § 2244(d)(1)(C) while asserting a *Miller*-based claim but stating that the claim, even if timely, had no merit because the petitioner was not a juvenile when he committed his crimes).

The Court will apply the same analysis to Copeland's case that it applied to Bergara's. *Miller* applies to offenders who were juveniles at the time they committed their crimes. *Montgomery*, 136 S.Ct. at 726. Copeland was 23 years old when he committed his. *Miller* proscribes a particular type of sentence: mandatory life

imprisonment without parole. *Id.* Copeland did not receive that sentence; he will be eligible for parole after serving forty years. *Miller* does not apply here, and consequently neither does 28 U.S.C. § 2244(d)(1)(C). *See Flanagan*, 154 F.3d at 199 (noting that a new retroactive rule must be "applicable to [the petitioner's] claim" in order for Section 2244(d)(1)(C) to apply). Copeland's claims under *Miller* are time-barred and, in the alternative, meritless. *See* 28 U.S.C. § 2254(b)(2) (giving the district court the power to deny a habeas application on the merits notwithstanding the applicant's failure to exhaust state remedies).

## III.   CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment and ruling debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.    Copeland's motion to reopen the case (Dkt. 7) is **GRANTED**.

2.    The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice. All other pending motions are **DENIED** as moot.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 20th day of January, 2017.

George C. Hanks Jr.

George C. Hanks Jr.
United States District Judge