United States District Court
Southern District of Texas

**ENTERED**

March 24, 2017

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SCOTT ANDERSON COPELAND, | § | |
| TDCJ #01435458, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-272 |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

State inmate Scott Anderson Copeland (TDCJ #01435458) was convicted of capital murder and sentenced to life in prison for his role in an armed robbery. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). Consideration of the petition was stayed at Copeland's request in 2013, and there was no activity on the case for years. During the stay, the Court held that a habeas petition filed by one of Copeland's accomplices was time-barred and, in the alternative, meritless. *See* Southern District of Texas Case Number 3:13-CV-273 at Dkt. 14. The accomplice, Brandy Bergara, appealed, and her appeal is still pending. *See* Fifth Circuit Case Number 16-41225. The Court, at Copeland's request, lifted the stay in his case. As it did in Bergara's case, the Court held that Copeland's habeas petition was time-barred and, in the alternative, meritless (Dkt. 11 and Dkt. 12). Copeland has now requested leave to proceed *in forma pauperis* ("IFP") on appeal (Dkt. 16).

The Court denied Bergara's request for leave to proceed IFP on appeal and will do the same with Copeland's request. Both argue that they can avail themselves of the rule announced in the Supreme Court's opinion in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), in which the Supreme Court "held that a juvenile[1] convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing." *Montgomery v. Louisiana*, 136 S.Ct. 718, 725 (2016). This argument is frivolous; Copeland and Bergara were both in their twenties at the time of the robbery, and neither was sentenced to life without parole (both will be eligible for parole after forty years). Copeland's appeal from this Court's judgment therefore seeks review of only frivolous issues and is, under the objective test enunciated in *Coppedge v. United States*, 369 U.S. 438, 445 (1962), not taken in good faith. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* FED. R. APP. P. 24(a)(3)(A).

The Court **DENIES** Copeland's motion for leave to proceed *in forma pauperis* on appeal (Dkt. 16).

---

[1] The Supreme Court defined "juvenile" as someone who was under the age of 18 at the time of the crime. *Miller v. Alabama*, 132 S.Ct. 2455, 2460 (2012).

Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk of this Court shall send a copy of this order to the parties and to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit docket number is 17-40178.

SIGNED at Galveston, Texas, on _____March 23_____, 2017.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE